227 S.C. 294 (1955)
87 S.E.2d 821
MRS. MYRTLE LOUISE THORNTON, Respondent
v.
WALTER B. STURGEON, Appellant.
17018
Supreme Court of South Carolina.
June 14, 1955.
*295 Messrs. Whaley & McCutchen and Hoover C. Blanton, of Columbia, for Appellants.
John Gregg McMaster, Esq., of Columbia, for Respondent.
The following is the opinion of Judge Martin, in the court below:
This matter comes before the Court on a Notice of Special Appearance and Motion to Vacate and Quash the attempted service of the Summons and Complaint herein, said Notice having been served about October 25, 1954.
The matter is also before the Court on a Rule to Show Cause and Temporary Restraining Order under which the plaintiff was restrained from entering judgment until the matter of the Notice of Special Appearance was decided or determined. The plaintiff filed a Return to the Rule.
A determination of the Notice of Special Appearance will dispose of both matters.
The question presented by the defendant is this:
*296 "That the Court of Common Pleas for Richland County is without jurisdiction to hear and determine this cause for the lack of proper and legal service of the summons and complaint upon the defendant, in that the attempted service was not made by the Sheriff of Richland County or the Superintendent of the South Carolina State Penitentiary; the defendant at the time of the attempted service being an inmate of said Penitentiary."
From the showing made it appears that the Summons and Complaint were personally served on the defendant on July 11, 1954, while he was in the State Penitentiary, by Wilson E. Davis a special deputy. Mr. Davis is a Bailiff of the Richland County Court. He was appointed a special deputy in 1953 by Sheriff S.S. Sligh of Richland. His appointment is in writing and is in the form of a card signed by Sheriff Sligh; he also posted a performance bond with the Sheriff.
The defendant, who is in default and against whom a default judgment has been taken but is not yet entered, attacks the sufficiency of the service, thus his special appearance.
The defendant calls attention to and relies on Section 10-436 of the 1952 Code, the pertinent portion of which reads as follows:
"Service on persons confined.
"If the suit be against a person imprisoned in this State or confined in the State Hospital or in any other similar place of confinement in or out of this State the summons shall be served by delivering a copy thereof to the defendant personally. Such service shall be made by the sheriff of the county in which such person shall be imprisoned or confined or by the superintendent of the institution in which such person is confined or an assistant duly designated by such superintendent if such person be confined in the penitentiary * * *."
The defendant maintains that under the above section the process must be served by either the Sheriff or the Superintendent *297 of the Penitentiary and that service by a special deputy is not sufficient.
The plaintiff calls attention to Section 53-83 of the 1952 Code which reads:
"Special deputies.
"The sheriff, without seeking the approval of the circuit judge, may appoint special deputies as the exigency of his business may require for the service of process in civil and criminal proceedings only. He shall be responsible for the conduct of such special deputies."
After due consideration this Court has concluded that the two quoted sections must be read together, and that it is clear that the special deputy had statutory authority to serve the process in this action, and that personal service by him met and satisfied the requirements of Section 10-436.
The authority of the special deputy is fixed by the statute  Section 53-83. He is given authority to serve civil and criminal process  which is what he did in this case. As special deputy for the statutory purpose he acts as and for the sheriff, as his agent or alter ego.
The service was valid and the motion must be denied.
It is ordered that the motion of the defendant be and the same hereby is denied, and that the Rule to Show Cause is dismissed and the Restraining Order dissolved.
June 14, 1955.
Per Curiam.
The facts of this case are sufficiently stated in the order under appeal which will be reported. Our consideration of it has been confined to the sole issue made by appellant's one exception, the gist of which we quote, as follows: "* * * the Court was without jurisdiction in that the summons and complaint were not served on appellant, while confined in the State Penitentiary, by the Sheriff of Richland County or the Superintendent of the State Penitentiary."
*298 The contention is without merit for the reasons stated in the order. It is affirmed and adopted as the judgment of this court. All of the authorities cited by appellant in his brief have been carefully examined and none sustains the exception.